

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00613-CV

Marcos **GONZALEZ**,
Appellant

v.

**DURANGO MIDRISE, LP**, A Texas Limited Partnership d/b/a Hemisview Village,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2020CV00649
Honorable J. Frank Davis, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: February 24, 2021

DISMISSED FOR LACK OF JURISDICTION

On November 19, 2020, appellant, Marcos Gonzalez, filed a notice of appeal challenging the county court's "Order Granting Motion for Withdraw of Counsel" signed on November 5, 2020. In that notice, he states this is an accelerated appeal to an interlocutory order. On December 29, 2020, we received a copy of the clerk's record, which did not contain a final judgment and showed that this is a forcible detainer case that is currently set for trial on March 8, 2021.

In general, an appeal may be taken only from either a final judgment or interlocutory order as deemed appropriate by the legislature; otherwise, we may not exercise appellate jurisdiction

over a case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record, and section 51.014 of the Texas Civil Practice and Remedies Code sets out which interlocutory orders are appealable. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. "An order granting a motion to withdraw as counsel is not an appealable interlocutory order." *Davis v. Alcatel USA, Inc.*, No. 05-07-00060-CV, 2007 WL 475332, at *1 (Tex. App.—Dallas Feb. 15, 2007, no pet.) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)).

Because it appeared Gonzalez was attempting to appeal an order granting a motion to withdraw before the trial court signed a final judgment, we ordered Gonzalez to file a written response by January 20, 2021 showing cause why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). In that order, we cautioned appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed for lack of jurisdiction. *See id.* R. 42.3(c). No response was filed. Accordingly, we dismiss this appeal for lack of jurisdiction. We further dismiss all other pending motions as moot.

PER CURIAM